UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CR 05-B-0257-NW |
| ) | |
| TADRIC BROWN, DARRYL ) | |
| RUSSELL, RAUL TOPETE, AND ) | |
| LARRY YARBROUGH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION IN SUPPORT OF COURT'S RULING ON THE RECORD THAT DEFENDANTS WERE NOT ENTITLED TO A NEW VENIRE

Prior to jury selection, defendants' counsel moved for a new jury venire based on the racial composition of the jury. Specifically, counsel complained of the low number of African-Americans on the venire. The venire was composed of 40 jurors, with four African-Americans on the panel, and one person of Hispanic background. Counsel pointed out that three of the four defendants were African-American, one defendant was of Hispanic background, and three of the four defense counsel were African-American. The court denied defendants' motion for a new venire, and the court proceeded with voir dire.

After voir dire, defendants exercised one of their peremptory challenges against an African-American juror and one of their challenges against the juror of Hispanic background. The Government did not challenge any African-American or Hispanic juror. The jury that deliberated included the three remaining African-American jurors.

A challenge to the racial composition of the venire can be made on basically three grounds: (1) Sixth Amendment guarantee of jury drawn from a fair cross section of the community; (2) Fifth Amendment guarantee of equal protection which ensures that defendant will be tried by a jury whose members have been selected pursuant to non-discriminatory criteria; and (3) Jury Selection and Service Act of 1968 ["JSSA"], 28 U.S.C. § 1861, *et seq.*

"The [JSSA] requires that any motion filed pursuant thereto be accompanied by 'a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of [the Act].' 28 U.S.C. § 1867(d). When that requirement is not satisfied, ***the challenge to the selection process must fail***, because Congress left no room for ad hoc review of the usefulness of compliance with the sworn statement requirement." *United States v. Paradies*, 98 F.3d 1266, 1278 (11th Cir. 1996)(quoting *United States v. Kennedy*, 548 F.2d 608, 613 (5th Cir.), *cert. denied*, 434 U.S. 865 (1977); internal quotations omitted) Defendants' oral motion failed to comply with this requirement. Therefore, any motion based on the JSSA is due to be denied.[1]

In order to establish that the jury is not a fair cross section of the community, defendants must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

---

[1] Counsel did not mention the JSSA in their oral motion.

2

*U.S. v. Tuttle*, 729 F.2d 1325, 1327 (11th Cir. 1984)(quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

The Eleventh Circuit has "consistently required an absolute disparity of over 10% between the underrepresented group's proportion of the general or age-eligible population and its representation on the venire before a prima facie case is established." *Id.* In this case, the venire was 10% African-American (4/40); the general population for the district is 13% African-American.[2] A disparity of 3% does not establish a prima facie case of either a Sixth Amendment/fair cross section violation or a Fifth Amendment/equal protection violation. *Id.*; *United States v. Grisham*, 841 F. Supp. 1138, 1146 (N.D. Ala. 1994).

For these reasons, the court denied defendants' oral motion to bring in a new venire for jury selection.

**DONE**, this the 17th day of July, 2006.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[2]*See* Certification of the Racial Composition of the Northern Division of the Northern District of Alabama, prepared by the Jury Administrator and attached hereto.